IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MAURICE COPPAGE, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 7 : 08-CV-10 (HL) |
| | : | |
| MARVIN LUCAS, | : | |
| | : | |
| Defendant. | : | |

**ORDER AND RECOMMENDATION**

The plaintiff filed this action in January 2008, alleging that while confined at Valdosta State Prison ("VSP") in September 2007, correctional officer Lucas used excessive force against him.  Presently pending herein are the defendant's Motion for Summary Judgment and miscellaneous motions filed by the plaintiff.  The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

On September 6, 2007, the plaintiff was housed in the administrative segregation unit at VSP, having been placed in segregation for an infraction involving a failure to follow instructions.  After flooding his cell and throwing toilet water at his door, he was also placed on a "strip cell" status, meaning that the inmate is stripped down to wearing only a gown.  According to plaintiff's deposition testimony, at the time of the alleged incident, he could only see out of the lower tray flap on his cell door.   Plaintiff, believing that his strip cell status was to last only eight (8) hours, asked defendant Lucas on the night of September 7 to notify the officer

in charge that he wanted to get his property back.  The next morning, although serving another area of inmates, defendant Lucas was summoned to plaintiff's cell due to reported problems encountered by officers with the plaintiff.  When Lucas approached the plaintiff's cell, the plaintiff's right arm was out of the lower tray flap, and the plaintiff was leaning over to look at Lucas out of the tray flap.  Plaintiff again asked to speak with the officer in charge, and Lucas informed the plaintiff that he could do so when the supervising officer made his next check of the building.  Lucas then told the plaintiff to place his arm back in his cell; Lucas contends that the plaintiff complied, while the plaintiff maintains that he refused to do so.  The plaintiff maintains that Lucas then asked another officer for a mop and plaintiff then felt something hit arm approximately five (5) times.  The plaintiff did not observe what or who struck his arm, but asserts that it was Officer Lucas.  Lucas denies ever having struck the plaintiff with a mop handle or other instrument.  Nurse John Jackson later examined the plaintiff in his cell and noted edema, or swelling, about his right forearm, although the plaintiff retained a full range of motion in that arm.  Nurse Jackson told the plaintiff to apply ice and elevate his hand, although the plaintiff denies having received these instructions; the swelling, according to the plaintiff, was gone within two (2) to three (3) days, was not accompanied by any bruising, and did not require any follow-up treatment.  *Jackson affidavit* at ¶¶ 7 - 12; *Plaintiff's depo.* at pp. 33-34.

## Standard of review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and

reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Defendant Lucas has supported his summary judgment motion with his affidavit, the affidavit of a nurse at VSP, and portions of the plaintiff's deposition testimony.

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503

U.S. at 5). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Defendant Lucas maintains in his affidavit testimony that when he told the plaintiff to place his arm back into his cell, the plaintiff complied with his directives, and that he in no way struck or hit the plaintiff's forearm with a mop handle or other device. The plaintiff's version of the facts is that he left his arm hanging outside the cell door through the cell flap, despite having been told by Lucas to put it back inside the cell, and that defendant Lucas asked another officer for a mop and then struck his forearm several times with the mop handle. In his deposition testimony, the plaintiff admits that he never actually saw defendant Lucas with the mop, nor did he see Lucas actually strike him with anything; rather, he assumed that it was Lucas who struck him after he asked another officer for a mop. The plaintiff's deposition testimony, as well as the affidavit testimony of nurse John Jackson, further reveals that the only injury plaintiff may have sustained during the incident was some minor swelling of his forearm.

"To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted. *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). In *Johnson v.*

*Moody*, 206 Fed. Appx. 880 (11th Cir. 2006), the Eleventh Circuit found that in a case involving alleged use of excessive force against an inmate, the extent of the plaintiff's injury, involving "only a superficial injury to his finger and fingernail", "showed that the force was not used maliciously and sadistically". *Id.* at 884. In *Johnson*, the prisoner plaintiff's finger was injured when a metal tray door shut on his hand, which the plaintiff alleged as kicked shut by the defendant officer in an attempt to break the plaintiff's finger. The defendant officer alleged that the plaintiff had refused to move his hand out of the door when ordered to do so The court noted its prior holding that "an injury can be 'objectively, sufficiently serious' [to constitute a constitutional violation] only if there is more than *de minimis* injury." *Id.* (citing *Boxer v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006.)

     Herein, taking all facts and making all reasonable inferences therefrom in favor of the plaintiff, the court must assume that the plaintiff was struck on the forearm after refusing to remove his arm from the cell flap door. However, as in *Johnson v. Moody*, the plaintiff's minor injury of temporary swelling did not rise above the level of *de minimis*, and does not support a finding that the force applied was more than *de minimis*. *Id.*; *see also Nolin v. Isbell,* 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury); *Smith v. City of Moultrie*, 2007 WL 2684983 (M.D.Ga.),quoting *Luong v. Hatt*, 979 F.Supp. 481 (N.D.Tex. 1997) (a more than *de minimis* injury "is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks." ) The plaintiff did not require follow-up treatment for the swelling of his arm, no bruising resulted, and no bones, or even skin, were broken. As in *Johnson v. Moody*,

> [f]rom the evidence in the record, a rational jury could draw two
> possible conclusions: (1) that the incident was an accident, or (2)

5

> that [the defendant] deliberately and perhaps unnecessarily applied a relatively minor amount of force in response to [the plaintiff's] failure to follow a direct order. Neither scenario would involve a use of force that is "repugnant to the conscience of mankind." Accordingly, there is no genuine issue of material fact that [the plaintiff's] injury was not "objectively, sufficiently serious" to constitute a constitutional violation.

*Johnson,* 206 Fed.Appx. at 885-886 (*internal citations omitted*).

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Miscellaneous motions*

Plaintiff's Motion to Produce and motion for a hearing are hereby **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 20th day of July, 2009.

 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE